T.C. Summary Opinion 2002-97

UNITED STATES TAX COURT

CHRISTOPHER WAGNER, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11333-01S.                Filed July 23, 2002.

Christopher Wagner, pro se.

Dennis R. Onnen, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]    Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.

Respondent determined deficiencies of $3,372 and $1,765 in petitioner's Federal income taxes, respectively, for 1999 and 2000 and corresponding penalties under section 6662(a) in the amounts of $674 and $353.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Albuquerque, New Mexico.

For each of the years in question, petitioner claimed itemized deductions on a Schedule A, Itemized Deductions, of his Federal income tax return. For 1999, petitioner claimed itemized deductions totaling $21,337, which were all disallowed by respondent. For 2000, petitioner deducted $14,803, all of which were also disallowed by respondent. Some of the claimed itemized deductions were allowable; however, because the total of such deductions was less than the allowable standard deduction under section 63, respondent allowed petitioner the standard deduction for both years.

Some of the adjustments in the notice of deficiency have been resolved. On petitioner's 1999 return, he claimed an itemized deduction of $4,352 for gambling losses, which respondent disallowed for lack of substantiation. At trial, respondent conceded that the loss had been substantiated, and the amount would be allowable if petitioner is otherwise entitled to

itemized deductions in lieu of the standard deduction.[2]  Another

concession involves charitable contributions for the 2 years at

issue.  At trial, petitioner conceded the adjustments disallowing

the cash portion of his contributions.  With these concessions,

the remaining issues for decision are: (1) Whether petitioner is

entitled to itemized deductions for noncash charitable

contributions for the 2 years at issue; (2) whether petitioner is

entitled to itemized deductions for employee business expenses

and tax preparation fees for the 2 years in question; and (3)

whether petitioner is liable for the accuracy-related penalties

under section 6662(a) for the 2 years in question.  In addition,

the Court considers the applicability of section 6673(a) to the

facts of this case.

---

[2]  One technical adjustment will be necessary if petitioner is allowed to itemize his deductions.  On his 1999 return, petitioner claimed an itemized deduction for State and local taxes of $1,792.  During 2000, petitioner received a refund of State and local taxes of $672, which petitioner included as income on his 2000 return.  Since respondent determined in the notice of deficiency that petitioner was entitled to the standard deduction in lieu of itemized deductions for both 1999 and 2000, petitioner, therefore, did not realize a tax benefit from his itemized deduction of State and local taxes for 1999.  Therefore, petitioner's receipt of the $672 State and local tax refund during 2000 would not constitute income for that year.  Consequently, in the notice of deficiency, respondent determined that the $672 did not constitute gross income for the 2000 tax year.  However, respondent asserted at trial that, based on the Court's holdings in the case, if petitioner is entitled to itemized deductions for both years in lieu of the standard deduction, petitioner's gross income for 2000 will be adjusted to include as income the $672 State and local tax refund received by petitioner that year.

During the years in question, petitioner was employed as a district sales manager for a uniform and apparel company catering to hospitals, hotels, and casinos. His district comprised the State of New Mexico and the western portion of the State of Texas. In October 2000, petitioner left his employer and was thereafter employed as a contract employee for another apparel company.

Prior to the years in question, petitioner always prepared his own Federal income tax returns. He never claimed itemized deductions on his tax returns. Based on the recommendation of his girlfriend, petitioner engaged a return preparer, Robin Beltran, to prepare his 1999 and 2000 tax returns.[3] On Mr. Beltran's recommendation, petitioner decided to file his returns for 1999 and 2000 claiming itemized deductions.

With respect to the first issue, the 1999 and 2000 returns listed the following deductions for charitable contributions:

|  | 1999 | | 2000 | |
|---|---|---|---|---|
| Cash | $4,083 | | $2,600 | |
| Noncash | 413 | $4,496 | 2,000 | $4,600 |

---

[3] The Court notes that this case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions at issue here.

As noted earlier, petitioner conceded the disallowance of the cash contributions. At trial, petitioner argued he is entitled to deduct the noncash portion of the contributions.

Although petitioner deducted $413 in noncash charitable contributions for 1999, he presented at trial copies of three receipts from two recipient organizations totaling $1,512.99 for that year. For the 2000 tax year, petitioner presented two receipts totaling $630. For both years, the receipts described the items donated as household goods, designer clothing, and "fine clothing". Except for one receipt, all the amounts shown as values of the donated items were amounts inserted on the receipts by petitioner. Petitioner presented no detailed information regarding the property, any appraisals, cost, or the manner in which the amounts claimed as deductions were determined. No explanation was offered at trial as to the cost or basis of the donated properties.

Section 170(a)(1) allows a deduction for any charitable contribution to or for the use of an organization described in section 170(c), payment of which is made during the taxable year. No question was raised by respondent as to whether the donees in this case were qualified organizations under section 170(c). Leaving that question aside, in general, the amount of a charitable contribution made in property other than money is the fair market value of the property at the time of the

contribution. Petitioner contended that his noncash contributions were in excess of $500 for each of the years in question. However, neither of his returns included IRS Form 8283, Noncash Charitable Contributions, which is required under section 1.170A-13(b)(3), Income Tax Regs., relating to deductions in excess of $500 for charitable contributions of property other than money. Moreover, the Court is satisfied from the record that the amounts deducted as charitable contributions on petitioner's returns were arbitrarily determined by the return preparer. On this record, the Court sustains respondent on the disallowed charitable contribution deductions for 1999 and 2000.

With respect to the second issue, the employee expenses, petitioner claimed $11,153 and $9,600, respectively, for 1999 and 2000, for unreimbursed employee business expenses, prior to application of the limitation under section 67(a). The expenses claimed relate to petitioner's use of his personal vehicle in connection with his employment, as well as other expenses, including a telephone and a pager. Petitioner was required as a condition of his employment to travel to places that required overnight stays, while other uses of his vehicle were not away from home. The expenses claimed represent approximately 20.9 percent and 26.8 percent, respectively, of petitioner's wages for the 2 years in question.

Generally, section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. Performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988).

The deduction of travel expenses away from home, including meals and lodging, under section 162(a)(2), is conditioned on such expenses' being substantiated by "adequate records" or by other sufficient evidence corroborating the claimed expenses pursuant to section 274(d). Sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). (Emphasis added.) The elements to be proven with respect to each traveling expense are the amount, time, place, and business purpose of the travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted.

Sec. l.274-5T(c)(l), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

The only documentation presented by petitioner at trial with respect to his claimed expenses was a document he prepared, which purported to establish the mileage of his vehicle in connection with his employment but only for 9 months of 1999. He had no documentary information for 2000. He presented no hotel or restaurant receipts, nor did the documentary information include information as to the time, place, and business purpose for each occasion or instance in which the vehicle was used in connection with his employment. Petitioner also submitted receipts from various service stations that reflected various mechanical services to the vehicle; however, nothing on those documents has any relevance to the issue before the Court. The documentation does not satisfy the substantiation requirements of section 274(d), and, to the extent petitioner's claimed expenses relate to travel expenses away from home, respondent is sustained.

The Court recognizes that petitioner also used his vehicle in connection with his employment, which did not involve his being away from home within the intent and meaning of section 162(a)(2). Such expenses are subject to the same substantiation requirements. Section 274(d) includes transportation expenses incurred in the use of "listed property" as defined in section 280F(d)(4). Under that section, "listed property" includes,

among other means of transportation, the use of any passenger automobile. Sec. 280F(d)(4)(A)(i) and (ii). Petitioner presented no documentation, other than the log and other receipts referred to above, to document the use of his vehicle for local transportation in connection with his employment. Respondent, therefore, is also sustained with respect to those expenses.

Petitioner also claimed other expenses incurred in his employment for a telephone and a pager. He presented no evidence to establish the amount claimed for such expenses. Consequently, no amount is allowed to petitioner for such expenses.

Petitioner also claimed a deduction of $700 for tax preparation fees on his 1999 return. Although he presented no evidence to establish payment of that amount, with the disallowance of the other claimed miscellaneous expenses, the claimed $700 would be less than 2 percent of petitioner's adjusted gross income for 1999. Therefore, petitioner would realize no tax benefit therefrom because of the section 67(a) limitation.

The third issue is the applicability of the accuracy-related penalties under section 6662(a) determined against petitioner for the 2 years at issue. Petitioner contended that he should be exonerated from these penalties because he relied on his return preparer.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability.

Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Moreover, a taxpayer is generally charged with knowledge of the law. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it. Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; see sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed

advice on the subject matter.  <u>Freytag v. Commissioner</u>, <u>supra</u> at 888.

Petitioner knew that the charitable contribution and employee business expense deductions claimed on his returns were false.  There is no evidence that the deductions claimed on the returns were based upon any documentary evidence submitted by petitioner.  Petitioner admitted in his testimony that the charitable contributions deducted on the returns were based on an "average" determined by the return preparer.

Petitioner made no effort to ascertain the professional background and qualifications of his return preparer, nor did he make any effort to determine whether the representations of Mr. Beltran were correct.  He did not consult other tax professionals to verify the accuracy of the returns prepared by Mr. Beltran or the representations he made regarding the deductions claimed. The Court is satisfied from the record that Mr. Beltran knew, or had reason to know, all the relevant facts upon which, had he been a qualified professional, he could have accurately advised petitioner on the amount of his allowable deductions.  Mr. Beltran claimed unrealistic and false amounts as deductions on petitioner's returns.  The Court is satisfied that petitioner knew he was required under the law to substantiate deductions claimed on his returns.  The amounts claimed as deductions on the returns, which petitioner knew were not substantiated and were

incorrect, should have prompted him to look beyond and ascertain the accuracy of the representations of his preparer. Petitioner, therefore, made no effort to assess his correct tax liability. On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the years in question.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. The Court considers petitioner's claim that he should not be liable for the deficiencies and penalties to be frivolous and groundless. Petitioner knew, or should have known, that a substantial portion of the itemized deductions at issue was false and could not be sustained. Petitioner knew that he could deduct only amounts that he had actually paid. He made no attempt to determine the qualifications of his return preparer and, moreover, did not seek other professional advice to satisfy the concerns he had, or should have had, over the returns prepared by Mr. Beltran. Petitioner cited no legal authority to the Court that, under similar facts, would exonerate him from the penalties under section 6662(a).

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes. Any reasonable

and prudent person, under the facts presented to the Court, should have known that petitioner's claimed deductions could not have been sustained, and petitioner knew that.  This Court does not and should not countenance the use of this Court as a vehicle for disgruntled litigants to proclaim the wrongdoing of another, his return preparer, as a basis for relief from penalties that were determined by respondent on facts that clearly are not sustainable.  <u>Golub v. Commissioner</u>, T.C. Memo. 1999-288.  Petitioner, therefore, has interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider.  Petitioner has caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel.  Under these circumstances, the penalty under section 6673 is warranted, and petitioner will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>